```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                        NORTHERN DIVISION


HENRY JOINER,                       :
                                    :
        Plaintiff,                  :
                                    :
vs.                                 :   CIVIL ACTION   05-0538-BH-M
                                    :
CITY OF GREENSBORO, ALABAMA,        :
et al.,                             :
                                    :
        Defendants.                 :
```

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a complaint under 42 U.S.C. § 1983 together with a Motion to Proceed Without Prepayment of Fees (Doc. 8, see attachments 1, 2).[1]  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, is now before the Court for Plaintiff's failure to prosecute and to comply with the Court's Order.

On May 30, 2006, Plaintiff was ordered to pay the $250.00 filing fee by June 23, 2006, if he wanted to proceed with the prosecution of this action.  Plaintiff was advised that if he was unable to pay the amount owed in one, lump-sum payment, Plaintiff could file a motion to proceed without prepayment of fee by June

---

[1] Plaintiff was incarcerated in the Hale County Jail when he commenced this action by filing his complaint in the United States District Court for the Northern District of Alabama. Subsequently, this action was transferred to this Court.

23, 2006.  Plaintiff was warned that his failure to comply within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's Order (Doc. 15).  The Order was mailed to Plaintiff at 3404 Otis Lane, Apt. D, Montgomery, Alabama 36108, his last known address.  Plaintiff has not responded, nor has the Order been returned to the Court by postal authorities.  The Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to prosecute and to comply with the Court's Order, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995); <u>Mingo v. Sugar Cane Growers Co-op</u>, 864 F.2d 101, 102 (11th Cir. 1989); <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985); <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983).  <u>accord</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that the federal courts' inherent power to manage their own proceedings authorized the

imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993), cert. denied, 510 U. S. 683, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993) (finding that the court's inherent power to manage proceedings before it permitted the imposition of fines).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 12th day of July, 2006.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE